NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1177n.06

No. 11-3965

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 14, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ROBERT W. REAMER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| UNITED STATES DEPARTMENT OF | ) | ADMINISTRATIVE REVIEW |
| LABOR, et al., | ) | BOARD |
| | ) | |
| Respondents. | ) | |
| | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Robert W. Reamer, a pro se Michigan resident, petitions for review of a final order of the United States Department of Labor's Administrative Review Board affirming an administrative law judge's (ALJ) decision granting summary judgment in favor of Ford Motor Company (Ford), Ford Motor Credit Company (Ford Credit), and twelve individuals.

In March 2008, Reamer filed a complaint with the Department of Labor's Occupational Safety and Health Administration alleging that the respondents violated the whistleblower-protection provision of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, by harassing him and terminating his employment in retaliation for engaging in protected activity. Reamer alleged that, in March and May 2006, he filed complaints with the Federal Bureau of Investigation ("FBI"), asserting that Ford

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

officials had encouraged the FBI to investigate a dealership for fraud, and the FBI had pursued the investigation despite being told by Reamer, a supervisor with Ford Credit's Dealer Field Credit Department, that no fraud occurred. In May 2006, Reamer also sent e-mails to (1) his supervisor, and (2) William Clay Ford, Jr. and Ford's Board of Directors, stating that he had received a threatening telephone call that might have been made by a Ford employee. He also complained about the initiation of the FBI investigation despite his statements that no fraud had occurred. Reamer was discharged from his employment with Ford Credit in 2008, after a subordinate filed a sexual-harassment complaint against him.

The Secretary of Labor dismissed Reamer's complaint, finding that Reamer's protected activity was not a contributing factor in his discharge. Reamer then requested a hearing before an ALJ. Prior to the hearing, the ALJ granted a motion for summary judgment filed by the respondents, finding that Reamer failed to establish that the complaints he submitted to the FBI and Ford officials constituted protected activity. Reamer appealed the ALJ's order to the Board. The Board affirmed the grant of summary judgment in the respondents' favor, agreeing with the ALJ's determination that Reamer "failed to generate a genuine issue of material fact that he engaged in protected activity under [Sarbanes-Oxley]." The Board noted that, "[f]rom March through July 2006, Reamer made several communications to supervisors at Ford and to the FBI," but he never stated in these complaints that he had evidence of fraud. In fact, the purpose of Reamer's communications was to inform the FBI and company officials that no fraud had occurred.

On appeal, Reamer argues that: 1) internal complaints that he filed on May 1, 2006, and May 3, 2006, constituted whistleblower complaints under section 1514A; 2) the Board erred in focusing solely on the complaints that he filed with the FBI, which, he now concedes, do not constitute protected conduct; 3) the Board violated his due process rights because its decision was arbitrary and capricious; and 4) his protected activity was a contributing factor in his discharge. We will set aside the Board's order if it is unsupported by substantial evidence, or is arbitrary and capricious,

an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706; *Sasse v. U.S. Dep't of Labor*, 409 F.3d 773, 778 (6th Cir. 2005).

In relevant part, section 1514A provides that publicly traded companies may not discharge an employee

> because of any lawful act done by the employee . . . to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information . . . is provided to . . . a person with supervisory authority over the employee . . . .

18 U.S.C. § 1514A(a)(1). To state a claim under this provision, a plaintiff must show that: 1) he engaged in conduct that section 1514A protects; 2) the employer knew or suspected that the plaintiff engaged in protected conduct; 3) the plaintiff suffered an unfavorable personnel action; and 4) the circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse personnel action. 29 C.F.R. § 1980.104(e)(2).

The Board did not commit reversible error. We note that the Board did not focus solely on Reamer's complaints to the FBI, but instead evaluated the content of all communications that Reamer made to both the FBI and Ford officials from March 2006 through July 2006. Reamer now contends that his protected conduct consisted solely of a May 1, 2006, e-mail to his boss, Tom Schneider; and a May 3, 2006, e-mail to William Clay Ford, Jr.

The May 1, 2006, e-mail relayed concerns about a threatening telephone call that Reamer had received; an internal investigation into his relationship with a female employee; and his concern that the FBI was conducting a frivolous fraud investigation of a dealership. Because this e-mail neither stated nor suggested that Ford had committed fraud or violated securities laws, it did not constitute protected conduct. *See* 18 U.S.C. § 1514A(a)(1). The May 3, 2006, e-mail to Ford raised the same concerns as the May 1, 2006, e-mail and asked Ford and the Board of Directors to investigate "the

possibility that illegal acts may have been committed by employees of Ford Credit and Ford Motor Company." This reference to illegal acts appears to relate to the threatening telephone call that Reamer received and the initiation of the FBI investigation. These acts do not violate or relate to section 1514A. Therefore, the Board properly concluded that this e-mail also did not qualify as protected conduct under section 1514A. *See* 18 U.S.C. § 1514A(a)(1). Because the Board properly applied the law to the facts in affirming the ALJ's decision, the Board's decision is not arbitrary or capricious.

The petition for review is denied.